IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRAPHIC COMMUNICATIONS ) | |
| NATIONAL HEALTH AND WELFARE ) | |
| FUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cv-0123-MJR |
| ) | |
| LEE W. TACKETT a/k/a DONALD L. ) | |
| TACKETT, LINDA HIESTAND, ) | |
| HELEN IRWIN, TRAVELERS ) | |
| INDEMNITY COMPANY OF ) | |
| ILLINOIS n/k/a TRAVELERS ) | |
| PROPERTY CASUALTY COMPANY ) | |
| OF AMERICA and GALLAGHER ) | |
| BASSETT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Introduction and Procedural Background**

Graphic Communications National Health and Welfare Fund ("the Plan") is an employee welfare benefit plan providing medical, hospital and surgical expenses under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The Plan filed suit in June 2004 in the Circuit Court of Cook County, Illinois, and thereafter transferred to the Circuit Court of Marion County, seeking reimbursement for benefits that it paid to Defendants Lee W. Tackett a/k/a/ Donald L. Tackett ("Tackett"), Linda Hiestand ("Hiestand") and Helen Irwin ("Irwin"). Tackett, who suffered injury during the course of his employment, in consultation with his employer's, insurance company, Defendant Travelers Indemnity Company of Illinois n/k/a

Travelers Property Casualty Company of America ("Travelers"), settled his worker's compensation claim for $105,000.00. The Plan seeks recovery of $30,292.21 in benefits paid to Tackett. Similarly, Hiestand and Irwin suffered injuries during the course of their employment, and received worker's compensation benefits from Gallagher Bassett Services, Inc., ("Gallagher"). The Plan alleges that it has a lien of $7,032.76 against Hiestand's recovery of $34,887.90 in her worker's compensation settlement. The Plan alleges that it has a lien in the amount of $24,759.26 against Irwin's recovery of $81,321.75 in her worker's compensation settlement.

In February 2007, Travelers removed the action to this Court (where subject matter jurisdiction lies under the federal question statute). In March 2007, both Travelers and Gallagher moved to dismiss, based on their assertions that they were not parties to the Plan, nor fiduciaries of the Plan, and that, therefore, they had no duty to the Plan to protect the Plan's contractual subrogation interest.

Before the Court are Traveler's and Gallagher's motions to dismiss, as well as supporting memoranda, responses, replies and a combined sur-response. *See* Docs. 13, 14, 21, 22, 24, 25, 28, 29, 30, 32, 36. The Court now analyzes the pending motions, starting with the standards which govern disposition of the issues raised therein.[1]

## II.  Applicable Legal Standards

Travelers and Gallagher move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which governs dismissal for failure to state a claim. In assessing a Rule 12(b)(6) motion, the Court must take as true all factual allegations and construe in plaintiff's favor

---

[1]The Court addresses Travelers' and Gallagher's positions together because they stand in virtually identical positions with respect to the allegations in the Plan's complaint and have, in some instances, adopted each other's arguments. *See* Docs. 32, 35 and 38.

all reasonable inferences.  *Massey v. Merrill Lynch & Co., Inc.*, **464 F.3d 642, 656 (7th Cir. 2006);**

*Albany Bank & Trust Co. v. Exxon Mobil Corp.*, **310 F.3d 969, 971 (7th Cir. 2002).**

A complaint should be dismissed only "if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief."  *Massey*, **464 F.3d at 656.**   As the United States Court of Appeals for the Seventh Circuit explained:

> "We construe the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor."  *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).... Dismissal is proper "only if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

*McCready v. EBay, Inc.*, **453 F.3d 882, 887 (7th Cir. 2006).**

### III.  Analysis

**A.**    **The Plan provisions**

The Court begins its analysis with a recitation of the relevant language from Graphic's Summary Plan Description, as set forth in the Plan's amended complaint:

**Section VIII**

**E.**    **When You Must Repay Plan Benefits**

If Benefits payable by the Plan are overpaid because:

- some or all of the Medical expenses were not paid or payable by you or your covered Dependent; **or**
- you or your covered Dependent received the money to pay some or all of those Medical expenses from a source other than the Plan; **or**
- you or your covered Dependent achieve any recovery whatsoever through a legal action or settlement in connection with any sickness or Injury alleged to have been caused by a third party, regardless of whether or not some or all of the amount recovered was specifically for the Medical or Dental expenses for which Plan Benefits were paid; **or**
- the Plan erroneously paid Benefits to which you were not entitled under the

3

>    terms and provisions of the Plan, **then**
> the Plan is entitled to a refund, from you or your Health Care Provider, in an amount equal to the amount of Benefits actually paid for those expenses less the amount of Benefits which should have been paid by the Plan for those expenses based on the actual facts.  (emphasis in original).

                    *                              *                              *

**Section IX**

**I.       Third-Party Liability (Subrogation)**

"Subrogation" means the right of the Plan to be substituted in your place with respect to any lawful claim, demand, or right of action against a third party who caused your Injury or Illness resulting in payment of Benefits.

The Plan has the right to be reimbursed for Benefits paid or payable for you or your covered Dependent for an Injury, Illness, expense or loss caused by a third party. When a Plan Participant or Dependent makes a damages claim against a third party or his or her uninsured or underinsured automobile policy, the Plan may assert a lien on the proceeds of that claim in order to reimburse itself to the full amount of Benefits it has been called upon to pay.  The Plan's lien will apply to any and all recoveries or to any right of recovery (whether by lawsuit, settlement, or otherwise) for such claim.  This provision does not allow the Plan's share of the recovery to be reduced because you or your Dependent do not receive the full amount of damages claimed or for your attorney's fees and costs, unless the Board of Trustees agrees, in writing, to the reduction.

**B.       Whether Travelers and Gallagher had a duty to protect the Plan's subrogation interest**

The Plan's amended complaint alleges that it notified Defendants Tackett, Hiestand and Irwin of its subrogation rights, and that, nevertheless, Travelers and Gallagher settled claims with these covered individuals and, subsequently, refused to pay to the Plan the value of the Plan's subrogation rights.[2]

---

[2]The Court notes that the amended complaint does not allege that Travelers or Gallagher had knowledge of the Plan's claimed subrogation interest.  However, in the Plan's response to Travelers' and Gallagher's motions to dismiss, the Plan repeatedly alleges that these Defendants

Travelers and Gallagher claim that, because they were not parties to the Plan's subrogation agreement or fiduciaries thereof, they had no legal duty to protect the Plan's contractual subrogation interest and that the Plan participants, *i. e.,* Tackett, Hiestand and Irwin, are liable under the subrogation provision. They contend that their position is supported by the Seventh Circuit Court of Appeals' decision in ***Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund v. State Farm Mut. Ins. Co.*, 17 F.3d 1081, 1084 (7th Cir. 1994)**. According to Travelers and Gallagher, *Central States* stands for the proposition that the Plan can only impose reimbursement obligations upon its participants and cannot impose any duties or obligations on a company that is not a party to the agreement between the Plan and its participants.

The Plan argues that *Central States* is inapposite because the Court's holding therein was much narrower: that the fund trustees were not entitled to injunctive relief because the plan's terms did not impose an obligation of simultaneous settlement. Therefore, the Court's holding does not support a finding that Travelers and Gallagher can ignore the Plan's lien rights and "escape <u>subsequent</u> judicial adjudication of lien rights." Doc. 30, p. 2 (emphasis in original).

While the Plan is correct regarding the issue that was before the Appeals Court, the Court's reasoning in reaching its conclusion was broader ranging and guides this Court's analysis in the instant case. In *Central States,* it was undisputed that the plan's subrogation terms required the Fund's participants to comply with contractual obligations to protect the Fund's subrogation claim. **17 F.3d at 1083**. However, the trustees ". . . failed to identify any language either in the plan, or in ERISA imposing an obligation upon State Farm (or parties similarly situated)." ***Id*. at**

---

were aware of its lien. Because under case law discussed herein, Defendants' knowledge, or lack thereof, is irrelevant, the Court will not address this issue.

**1084**.  The Court stated, "Because State Farm was not a party to the agreement between the Fund and its covered individuals, State Farm cannot be bound by that agreement." *Id*.

This Court has before it a closely analogous fact pattern, except that the issue herein is whether Travelers and Gallagher have an obligation to recognize the Plan's subrogation rights and reimburse the Plan *after* they settle with the Plan's covered individuals.  It is a logical extension of the Appeals Court's analysis (and one previously adopted by other courts) that the insurer, who had no obligation to recognize the Fund's subrogation rights prior to or at the time the insurer settled with its participants, would also have no obligation after settlement.  *See, e. g., Great-West Life Annuity Ins. Co. v. Hofmann,* 2001 WL 914469, \*2 (N.D.Ill. 2001) **(relying on *Central States* to deny reimbursement to the Plan after money had been disbursed by law firm to covered person);** *Health Cost Controls v. Manetas* 1995 WL 66383, \*6 (N.D.Ill. 1995) **(relying on *Central States* to find no duty to recognize the ERISA plan's subrogation rights after worker's compensation claim settled)**; *Biomet, Inc. Health Ben. Plan v. Black,* 51 F.Supp.2d 942, 947 (N.D.Ind. 1999) **(relying on *Central States* to find that the Plan provided no convincing argument to hold other third parties responsible for this violation; knowledge by third parties of the covered person's duty to reimburse the Plan, by itself, cannot be enough to impose liability under § 1132(a)(3))**.

The Plan does not explain or offer any Seventh Circuit authority as to how the insurer who settles with a covered individual thereby animates an obligation not present prior to or at the time of settlement.  The very terms of the Plan, as set forth above, relate, necessarily, only to the obligations of covered individuals and do not purport to obligate others.  For these reasons, the Court concludes that the Plan agreement could only obligate parties to that agreement and not the third-

party insurance companies, Travelers and Gallagher.  *See id.; see also Hotel Employees & Restaurant Employees Intern. Union Welfare Fund v. Gentner*, **50 F.3d 719 (9th Cir. 1995) ("Congress did not intend to extend ERISA liability to parties with no professional or contractual relationship with a plan.")**; *Witt v. Allstate Ins. Co.*, **50 F.3d 536 (8th Cir. 1995) (holding that an insurer of a tort-feasor who caused injuries suffered in an automobile accident by a person covered by a joint health and welfare fund's benefit plan was not fiduciary of plan under ERISA)**.

C.   **Illinois common law subrogation rights**

In the Plan's memoranda in opposition to Travelers and Gallagher's motions to dismiss, it raises a theory not raised in, and possibly inconsistent with, its amended complaint. Specifically, the Plan claims that its basis for recovery against Defendants is grounded in Illinois common law subrogation rights. Because the Plan could, with leave of Court, amend its amended complaint to include this alternative theory and because this issue has been fully briefed by the parties, the Court will consider it at this juncture. Furthermore, because the Court finds that the Plan's reliance on *Bill Gray Enters., Inc. Employee Health and Welfare Plan v. Gourley,* **248 F.3d 206 (3d Cir. 2001)** is misplaced, it need not determine whether the Plan's claim also fails because it is barred by **§ 21 of the Illinois Workers' Compensation Act, 820 ILCS 305/21**.

Citing *Bill Gray Enters., Inc. Employee Health and Welfare Plan v. Gourley,* **248 F.3d 206 (3d Cir. 2001)**, the Plan contends that the lack of a contractual obligation between a third party insurer to an ERISA plan does not bar suit by an ERISA plan when subrogation rights are at issue. Under the Third Circuit Court of Appeals' analysis in *Bill Gray*, if a tortfeasor's insurers settle with an injured party with knowledge of the insurer's subrogation rights, the subrogation rights

remain.

Travelers and Gallagher respond that neither *Bill Gray*, nor any of the cases cited therein, recognized a federal common law subrogation claim in the face of unambiguous ERISA plan terms. They assert that Congress could have easily included express provisions in ERISA, creating subrogation rights or liens would be enforceable by an ERISA plan against third parties, but it did not do so. Travelers and Gallagher also argue that, even if the Plan is entitled to "common law" subrogation rights, they would still owe no duty to the Plan because, consistent with *Bill Gray*, they have fully exhausted their obligation to the Plan participants.

In *Bill Gray*, the Third Circuit Court of Appeals, distinguishing or disagreeing with *Central States*, stated that "the lack of a contractual obligation between a third party insurer to an ERISA plan does not bar suit by an ERISA plan when subrogation rights are at issue." **248 F.3d at 222**. Nonetheless, the appellate court affirmed the district court's decision that the insurer ". . . was not obligated to reimburse the Plan for the uninsured motorist benefits it paid to [the Plan participants]." *Id*. The court found for the insurer and against the Plan because ". . . under equitable principles of subrogation, [the insurer] may properly assert payment in full as a defense to the Plan's suit, since it paid the entire amount of the uninsured motorist policy to the [Plan participants]." *Id*. Thus, even if the Court were to accept the Plan's assertions regarding the Third Circuit's analysis in *Bill Gray*, which it does not, given Seventh Circuit precedent, the Plan's argument remains unavailing because Travelers and Gallagher have paid their obligations in full to the Plan's participants. *See Wendy's Intern., Inc. v. Karsko*, **94 F.3d 1010, 1014 (6th Cir. 1996)** (**where insurer had paid the full amount owed under the policy, "[n]o principle of common law or equity exists which would require them to incur further liability for this accident"**).

The payments to Tackett, Hiestand and Irwin do not prevent the Plan from recovery since the Plan may still assert its right to the proceeds paid by Travelers and Gallagher. The Plan must proceed only against the proper Defendants.

### IV. Conclusion

Under either theory advanced by the Plan, the Court finds that Travelers and Gallagher are not liable to reimburse the Plan with the proceeds of their co-defendants' worker's compensation claims. Accordingly the Court **GRANTS** Defendant Travelers Indemnity Company of Illinois's Motion to Dismiss (Doc. 13) and Defendant Gallagher Bassett Services, Inc.'s, Motion to Dismiss (Doc. 21). For docketing purposes, this Order terminates these Defendants.

**IT IS SO ORDERED.**

**DATED this 4th day of September, 2007**

                                             **s/Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**