IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GRAPHIC COMMUNICATIONS NATIONAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-cv-0123-MJR |
| LEE W. TACKETT a/k/a DONALD L. TACKETT, LINDA HIESTAND, HELEN IRWIN, TRAVELERS INDEMNITY COMPANY OF ILLINOIS n/k/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and GALLAGHER BASSETT SERVICES, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 4, 2007, the undersigned District Judge granted motions to dismiss filed by Gallagher Bassett Services, Inc, ("Gallagher") and Travelers Indemnity Company of Illinois ("Travelers"). That Order terminated Gallagher and Travelers as Defendants in this action and left Plaintiff's claims against three defendants herein, Lee W. Tackett a/k/a Donald L. Tackett, Linda Hiestand and Helen Irwin. *See* Doc. 42.

On September 7, 2007, Travelers and Gallagher filed "Joint Motion for Entry of Final Judgement Pursuant to Fed. R. Civ. P. 54(b)" (Doc. 44). For the following reasons, the Court denies the motion.

The Court cannot properly enter a partial final judgment under **FEDERAL RULE OF CIVIL PROCEDURE 54(b)**. Rule 54(b) permits a district court, in a case involving multiple claims or parties, to "direct the entry of a final judgment as to one or more but fewer than all of the claims or

parties only upon an express determination that there is no just reason for delay.  **FED. R. CIV. P. 54(b).**  *See also U.S. v. 8136 S. Dobson Street, Chicago, Illinois*, **125 F.3d 1076, 1082 (7th Cir. 1997).**  A Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary.  ***U.S. v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990).**

In applying Rule 54(b), district courts must be cognizant that the norm in litigation is "one appeal per case."  ***Ettrick*, 916 F.2d at 1218,** *citing Horn v. Transcon Lines, Inc.,* **898 F.2d 589, 592 (7th Cir. 1990)**.  The Seventh Circuit has cautioned that, although the decision to send a part of a case to immediate appeal is left to the district court's discretion, this ". . . does not give that court carte blanche to send to this court any decision involving a separate claim or party."  *Id*.  "Rather, because Rule 54(b) departs from the norm, and has the potential to multiply litigation costs for parties and the appellate court, the district court must carefully consider whether immediate appeal is appropriate in a particular case." *Id*.  Plainly, "trial judges do not have carte blanche to certify partial dispositions for immediate appeal under Rule 54(b)."  ***Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 701 (7th Cir. 1984).**

In the case at bar, the Court finds no reason to depart from the normal rules of litigation which require litigants to wait until disposition of the whole case before entry of  judgment.

Accordingly, the Court **DENIES** Travelers' and Gallagher's "Joint Motion for Entry of Final Judgement Pursuant to Fed. R. Civ. P. 54(b)" (Doc. 44).

**IT IS SO ORDERED.**

**DATED this 12th day of September, 2007**

                                              **s/Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**